**Opinion issued March 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-11-00575-CR**

_____

**PAUL STURGEON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case No. 128072301010

## MEMORANDUM OPINION

A jury found Paul Sturgeon guilty of theft[1] and assessed his punishment at

nine years' imprisonment and a $9,000 fine.  Sturgeon brings three issues, the first

---

[1]     *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West Supp. 2012) (theft of
        property having value of $20,000 or more but less than $100,000).

with five subparts.  We affirm.

## Background

Sturgeon rented a car from Dollar Rent A Car on August 10, 2010, and rerented it on August 20 for an additional period expiring on August 27.  On September 9, Sturgeon attempted to extend the rental period, but his credit card was not accepted and the contract was not renewed.

Dollar was unable to contact Sturgeon by phone or mail, including demand letters sent to him.  Dollar hired a repossession company, which contacted Sturgeon's family.  The car was eventually recovered after a Houston police officer stopped the car, which had been reported as stolen.  The car was being driven by Sturgeon's brother, Richard, and had bullet holes in it.

Sturgeon testified that he dropped the car off at the Dollar location at Houston Intercontinental Airport on August 26 and had no further contact with it. He denied authorizing anyone else to use the car or receiving any certified letters or notices concerning the car.

## Discussion

*Violation of right to self-representation*

Sturgeon's first issue contends that the trial court and State violated his right to proceed pro se.  This issue is briefed as five subissues.

<u>Self-representation admonitions</u>

Sturgeon begins by claiming that the record is silent as to whether he was offered counsel or how he was admonished as required by *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975). He specifically claims that the record does not indicate whether he received proper admonishments during pretrial, before standby counsel was appointed.

The State cites the following from the February 8, 2011 pretrial hearing at which Sturgeon entered a not-guilty plea:

> *THE COURT:* I'm entering a plea of not guilty. Do you wish to have an attorney?
> *THE DEFENDANT:* If I obtain an attorney. I wouldn't want one appointed.
>  . . . .
> *THE COURT:* Sir, do you wish to have more time to hire an attorney? Do you wish to ask for a court appointed attorney or do you wish to represent yourself?
> *THE DEFENDANT:* If we go outside of the mandate for the speedy trial I would prefer to represent myself.
> *THE COURT:* If you want to represent yourself, I have some admonitions I'm required to give you. Are you stating to the Court that you wish to represent yourself?
> *THE DEFENDANT:* I won't hire an attorney. I would proceed without an attorney. I don't want to get outside --
> *THE COURT:* You need to listen to what I'm saying. It makes no difference to me whether you represent yourself or whether you hire an attorney. If you are indigent we'll certainly appoint an attorney for you, I just need to know what your decision is about that. If you want to hire an attorney, I'm willing to give you another reset and give you time to do that.
>  . . . .
> *THE COURT:* What do you wish to do?

3

*THE DEFENDANT:* To try to precure [sic] an attorney. If I don't precure [sic] an attorney within that time frame, I'll proceed to trial and represent myself.

*THE COURT:* That was my question. I'm going to go ahead since we're on the record and admonish you about self-representation as I'm required to do.

If you do not hire an attorney by March 1st -- Judge Campbell may want to do this again so you will have heard it.

At this time, sir, I admonish you with the dangers and disadvantages of pro se representation. Pro se means represent yourself and I have an obligation to touch on the following.

How old are you, sir?

*THE DEFENDANT:* 41.

*THE COURT:* What do you do for living?

*THE DEFENDANT:* I'm consultant for a waste management company and I'm working on my master's in business administration in school.

*THE COURT:* So you have an undergraduate degree?

*THE DEFENDANT:* Yes, Your Honor, I do.

*THE COURT:* You're working on your master's?

*THE DEFENDANT:* Master's, correct.

*THE COURT:* Do you have any previous court experience with criminal trials?

*THE DEFENDANT:* For myself, yes.

*THE COURT:* You represented yourself before?

*THE DEFENDANT:* Precisely.

*THE COURT:* In a felony case?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* Have you experienced any mental or emotional problems, have you been adjudged incompetent or do you consider yourself illiterate?

*THE DEFENDANT:* No, Your Honor.

*THE COURT:* Have you made attempts to hire counsel?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* And is the reason you haven't been able to do so because you are suave [sic] indigent.

*THE DEFENDANT:* No, Your Honor, because I don't agree with what I've seen thus far.

4

*THE COURT:* If you decide to represent yourself, you understand that no court wants you to do that under duress, coercion, hope of a lighter punishment or sympathy?

*THE DEFENDANT:* Yes, ma'am.

*THE COURT:* Are you aware of the nature of the charges pending? I think we've gone through the probably [sic] cause. You understand the charges against you now?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* You understand the total range of punishment?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* And you understand that there may be defenses?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* Are you aware or have knowledge of any rules of evidence for trying cases in court?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* You feel comfortable with those?

*THE DEFENDANT:* Yes, I do.

*THE COURT:* Are you familiar with trial procedures?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* And do you understand that there is more to trying your case than just telling your side of the story?

*THE DEFENDANT:* Yes, Your Honor.

*THE COURT:* And at this time you're not giving up your right to counsel, is that correct?

*THE DEFENDANT:* No, Your Honor, I'm not.

*THE COURT:* Sir, on the March 1st hearing date. If you decide to give up your right to counsel, you will be asked to sign a waiver you have heard all these admonishments.

*THE DEFENDANT:* I understand.

*THE COURT:* I'll reset the case to March 1st to hire the attorney.

The State admits that this colloquy omitted a warning that no special consideration would be granted Sturgeon if he proceeded pro se. *See Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). The trial court later stated, and Sturgeon

5

did not dispute, "You understood when we started that you were going to be held to the same standard as a lawyer."

In light of the February 8 hearing, of which Sturgeon does not contest the propriety, we hold that no error has been established, considering the totality of the circumstances surrounding the case. *See id.*

Comments by the trial court and State

The second subissue contends that both the trial court and the State disparaged his right to self-representation by the following statements at the beginning of trial:

> [THE COURT] Mr. Sturgeon will be representing himself in this case, what we call representation pro se. He has refused the court's order -- the offer rather -- of appointed counsel. He has been advised that he can receive no special treatment just because he is not a lawyer. The court will not advise him on how to conduct his case or answer any questions about the rules of evidence or procedures.
> Nevertheless, the court has appointed attorney Joe Owmby --
> MR. OWMBY: Good morning.
> THE JURY PANEL: Good morning.
> THE COURT: -- to sit at counsel table to answer any questions that Mr. Sturgeon may have of him. So to that extent, this is an unusual situation.
>     . . . .
> [STATE] Also, I want to go over some things that the judge mentioned. He mentioned that Mr. Sturgeon is representing himself. That is a choice that Mr. Sturgeon has made. No one forced him to represent himself. He was offered counsel, and he chose not to accept it.
> Now, that is again a choice that he made. I want to make sure that everyone understands a couple of things.

6

One, at issue here is not Mr. Sturgeon's competency or sanity. That is not in issue and that is not what you are here to decide. He has been admonished by the court. He has been asked several times over and over again whether or not he wants counsel, and he has declined.

Mr. Owmby is here to assist him just in case if he has any questions, he can lean over and ask Mr. Owmby; but Mr. Owmby won't be doing the actual trial.

Now, this is not typical in this building. Usually there is another lawyer on the other side of the table. It is usually someone that has similar or more advanced training than I; and so I guess you can think of it as kind of like the Mavericks, our champions, going up against a high school team.

Is there anyone here -- and I mentioned in the beginning that we want 12 people that can be fair -- is there anyone in here that believes that since it is the Mavericks going up against a high school team -- and I am just using an analogy – that they cannot allow me a chance to prove my case; in other words, you may feel sorry for Mr. Sturgeon because he does not have counsel; and he is representing himself?

Neither the trial court nor the State disparaged or demeaned Sturgeon in these remarks. Instead, the comments sought to explain the unusual situation in which Sturgeon was representing himself, yet had access to standby counsel. In addition, Sturgeon made no objection at trial and cites no authority for the proposition that this type of comment would be subject to a structural-error analysis that is exempt from the preservation-of-error rule. *See* TEX. R. APP. P. 33.1(a).

Burden of proof

Sturgeon's third subissue shoehorns a complaint that the State misplaced the burden of proof during voir dire into the larger issue of the alleged violation of

7

Sturgeon's right to self-representation. Sturgeon objects on appeal to the following:

> [STATE] Also it says with the intent to deprive Landy Leal of the property. It doesn't say permanently deprive.
> So in the movie situation, let's say that he returns the movie next year. He didn't permanently deprive him of the property.
> Now, Juror No. 4 kept the movie for longer than he was suppose to; but he didn't permanently deprive him of the property.
> My first question is: Is there anyone here that would require me to show what Mr. Sturgeon was thinking on September 23rd exactly what he was thinking and would not be able to look at this case and use circumstantial evidence, the evidence that is presented on the stand, the testimony which is also evidence?
> Is there anyone that would require me to show exactly what he was thinking?
> No one, okay.
> Also is there anyone that would require me to show that Mr. Sturgeon intended to permanently deprive the person of the property?

Sturgeon points out that the State struck two veniremembers based on this question.

In his appellate brief Sturgeon claims the State "deliberately relieved itself of its burden of proof" by arguing it did not have to show "Mr. Sturgeon intended to permanently deprive the person of the property." But that was not the State's burden.

The charge correctly stated that "a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2012). It further correctly defined

8

"deprive" to mean "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *See* TEX. PENAL CODE ANN. § 31.01(2)(A) (West Supp. 2012). The State did not have to prove Sturgeon intended to permanently deprive the owner of the property—it could prove theft by showing Sturgeon withheld property from the owner for so extended a period of time that a major portion of the value or enjoyment of the property was lost to the owner.

Sturgeon did not preserve this subissue by a timely objection. *See* TEX. R. APP. P. 33.1(a). Nonetheless, we hold there was no error.

Exclusion from Courtroom

Sturgeon's fourth subissue is that he was excluded from the courtroom during jury deliberation on punishment. Sturgeon's appellate brief does not explain the context of his complaint.

Before pronouncement of sentence, the following occurred:

> THE COURT: Paul Sturgeon, do have anything to say as to why sentence should not be pronounced against you in accordance with the verdict of the jury?
> THE DEFENDANT: Yes, Your Honor.
> I would like to make an objection for the record that during the deliberation of the jury, the defendant who is also pro se was kept out of the courtroom when the jurors was sending notes back and forth.
> THE COURT: It was one note.
> THE DEFENDANT: Right, a note back and forth to the judge. The defense wasn't allowed to comment or object on the note

9

that was brought to the court. He was never given notice of the note that was brought to the judge.

THE COURT: The question from the jury was essentially what happens if we are not able to arrive at a verdict, and I told them to continue to deliberate and the verdict must be a unanimous one.

THE DEFENDANT: You are informing the defendant after the fact.

MR. OWMBY: Judge, when you are through, I need to put something on the record in this matter.

THE COURT: Yes. All right.

Is it anything additional that you will want to say as to why sentence should not be pronounced?

THE DEFENDANT: That will be all, Your Honor.

. . . .

MR. OWMBY: On the issue of the jury question. When the jury question was tendered, I told Mr. Sturgeon what the jury question was. I told him that the judge would most likely rule that the jury should refer to the instructions and continue to deliberate; and I told him no matter what he wanted done, that is what the judge would probably do.

When the court decided that it would give the instruction that is already of record, I told Mr. Sturgeon precisely and exactly what the court's ruling was and asked him and waited for his response; and he had no response which I took to mean that he did not wish me to tell the court that he had any objections to that evidence.

THE COURT: The record will so reflect.

Yes, sir.

THE DEFENDANT: Mr. Owmby is not the defense attorney.

THE COURT: Well, he was appointed by me over your objection.

THE DEFENDANT: Therefore, the defense should have been present when the question was presented to the court and had a chance to make his statement pursuant to that question that is forwarded to the court from the jurors and not the standby attorney. It is the right of the defense.

THE COURT: I will note your objection in the matter.

10

Nowhere in the record is there an explanation of why Sturgeon was absent from the courtroom or an offer of proof as to what he would have done if he had been present. Nor is there any indication that he was not present when the jury was in the courtroom.

Assuming—without deciding—that the trial court violated Code of Criminal Procedure article 36.27,[2] Sturgeon does not argue he was harmed by the court's response that the jury continue to deliberate.

Alleged bias

Sturgeon's final subissue is that the trial court was biased. He bases this on the court (1) allegedly ignoring valid objections, which Sturgeon lists without

---

[2]     Article 36.27 reads as follows:

> When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.
>
> All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006).

11

substantive discussion in a footnote, (2) "routinely" overrunning of objections, (3) excluding Sturgeon from a jury communication as discussed in subissue four, (4) not granting a continuance, (5) allowing the State to "distort" the law, and (5) conducting the following:

> THE DEFENDANT: Why is she dismissed?
> You are biased to my trial. I asked for your recusal. You have been biased the entire trial. I have repeatedly asked for your recusal. You have granted everything for the state and denied everything for the defense.
> Why?
> THE COURT: Because the state has done things right, and you have done things wrong.
> THE DEFENDANT: I have done everything wrong, is that what you are saying?
> THE COURT: That is correct. You have not done it in the manner in which a lawyer could do it. You have elected to be your own lawyer.
> THE DEFENDANT: Are you biased against me because -- why are you biased because I am not an attorney?
> I mean, in life you shouldn't be a professional to defend yourself. You are asking me --
> THE COURT: You are trying to re-invent the law.
> THE DEFENDANT: It is not that I am trying to re-invent the law. You are punishing me for not being an attorney. You are biased.
> THE COURT: You are not qualified to handle this. You understood when we started that you were going to be held to the same standard as a lawyer.
> THE DEFENDANT: But I was not informed that you would side with the state in order for them to bushwhack Mr. Sturgeon to take a case that he is innocent of.
> What is the problem?
> I mean, if it is proven that I am guilty, why won't you allow me to cross-examine Ms. Leal or have her as a witness. You are not letting her come as my witness.

THE COURT: Because I don't want things repeated from yesterday.

THE DEFENDANT: I subpoenaed her though. This is a witness that I subpoenaed.

THE COURT: Who is the next proposed witness?

THE DEFENDANT: I have submitted my proposal, Your Honor.

THE COURT: State for the record now what it is that you seek to elicit from this witness that you did not elicit yesterday while the witness was here?

THE DEFENDANT: Which witness are you talking of?

THE COURT: The witness that you say that you are calling next, recalling next.

THE DEFENDANT: I am calling Quanell X, Your Honor.

THE COURT: Say it again.

THE DEFENDANT: I am calling Quanell X.

THE COURT: I don't believe Quanell X has testified.

THE DEFENDANT: I never stated that he testified. You stated that he testified. You are being so biased that you are not listening.

THE COURT: Okay. Have a seat then.

Who is your next witness, please?

THE DEFENDANT: I just stated it, Your Honor.

How often do you want me to state the same thing?

I stated that I am calling Quanell X.

Sturgeon omits the following, which is pertinent:

THE COURT: Is Mr. X present.

THE BAILIFF: He is not present, judge.

THE COURT: All right. The Witness X is not present, so call your next witness.

THE DEFENDANT: Again, Your Honor, the defense calls Quanell X.

THE COURT: Mr. X is not present.

THE DEFENDANT: He is due here today. He stated that he will be here today.

THE COURT: He is not here apparently so.

THE DEFENDANT: The defense calls Quanell X.

13

What more do you want me to do?

THE COURT: I want you to not talk while I speak. Call your next witness.

THE DEFENDANT: How often do you want me to call the witness?

I just stated who I called.

Are you going to refuse that witness?

THE COURT: I have refused him, yes.

None of this is prima facie evidence of bias, and there is not substantive briefing on appeal to demonstrate how it could be bias. *See* TEX. R. APP. P. 38.1(i) (requiring that appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record). Sturgeon cites no evidence of bias or prejudice from the trial court that is extrajudicial, but only points to trial rulings. *See Kemp v. State*, 846 S.W.2d 289, 305–06 (Tex. Crim. App. 1992) (bias sufficient to disqualify judge must be based on extrajudicial source that forms improper basis for resolving case). We note that much of the evidence Sturgeon cites points to the patience of the trial court.

We overrule issue one.

*Admission of evidence*

Sturgeon's second issue concerns the admission of State's exhibits 7, 7-A, 8, 9, and 9-A, which are demand letters sent to Sturgeon and a log of telephone calls made to his family. Sturgeon objected to the admission of these records at trial based on hearsay, notwithstanding the fact that the business-records-exception predicate was laid:

14

Q. (By Mr. Reed) Ms. Leal, I am showing you what has been previously marked as State's Exhibits 7 and 7-A, 8 and 9.

Do you recognize these?

A. Those are the demand letters that was [sic] forwarded to the customer.

Q. Let me ask you, were these records kept in the normal course of business?

A. Yes.

Q. At Dollar [Rent A Car]?

A. Yes.

Q. Was the person that kept these records and that drew up these letters, were they knowledgeable of the events surrounding this case?

A. Yes.

Q. Were you knowledgeable of the events surrounding this case when these letters were sent out?

A. Yes.

Q. And do the letters relate to this case?

A. Yes.

Q. Would you be considered a custodian of records as far as Dollar Rent A Car is concerned?

A. Yes.

Q. And have these letters been altered in any way to the best of your knowledge?

A. No.

MR. REED: Your Honor, at this time, the state will offer into evidence State's Exhibits 7, 7-A, 8 and 9 and tender them to the defendant for any objections.

THE COURT: All right, sir.

THE DEFENDANT: Yes, Your Honor. There will be an objection for the defense.

THE COURT: State your objection, please.

THE DEFENDANT: Trinh Lam whoever this person is is not here –

THE COURT: May I see?

15

THE DEFENDANT: -- to attest to the truthfulness of the documents or if they were made up.

*See* TEX. R. EVID. 803(6).[3]

On appeal, Sturgeon contends the exhibits are nonetheless inadmissible because they were prepared in anticipation of litigation and violated the Confrontation Clause. U.S. CONST. amend VI; *see Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004) (Confrontation Clause); *Campos v. State*, 317 S.W.3d 768, 777–79 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (discussing business records prepared in anticipation of litigation). These specific objections were not made at trial and are therefore waived. *See* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1(a)(1)(A). We overrule issue two.

*Legal sufficiency*

Sturgeon's third issue is that the evidence is legally insufficient to prove that he "intended to permanently deprive Dollar [Rent A] Car of its black Mustang convertible." This is a reiteration of issue one, subissue three.

The charge correctly stated that "a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2012). It further correctly defined "deprive" to mean "to withhold property from the owner permanently or for so

---

[3] This offer and objection was for exhibits 7, 7-A, 8, and 9. A similar offer and objection was made for exhibit 9-A.

extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *See* TEX. PENAL CODE ANN. § 31.01(2)(A) (West Supp. 2012). The State did not have to prove Sturgeon intended to permanently deprive the owner of the property, and we overrule issue three.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

17